**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JERMAINE DANIELS,**

          **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　**Case No.  6:05-cv-332-Orl-31KRS**

**STRATEGIC MARKETING SYSTEMS,**
**INCORPORATED and DAVID ALLEN,**

          **Defendants.**

___

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration after oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR SANCTIONS (Doc. No. 31)** |
| **FILED:** | September 11, 2006 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On August 11, 2006, Plaintiff Jermaine Daniels filed the present motion seeking sanctions arising from Defendant David Allen's failure to appear for his deposition and the deposition of Defendant Strategic Marketing Systems, Inc. (Strategic), and his failure to appear at mediation. Shortly thereafter, counsel for the defendants filed a motion to withdraw, indicating that they had been unable to reach Allen.

I issued an Order and Notice of Hearing directing Defendant Allen and a representative of Strategic to appear before me on Friday, September 8, 2006, at 10:00 a.m. for a hearing on the

motions, doc. no. 39.  I cautioned the defendants that failure to appear could result in sanctions, including a recommendation that a default be entered against them. *Id.*  The Court's record reflects that a copy of this Order and Notice of Hearing was mailed to the defendants.

Counsel for the parties appeared at the hearing, but neither Defendant Allen nor a representative of Strategic appeared.  Counsel for the defendants indicated that they had not been contacted by Allen since filing the motion to withdraw on August 23, 2006.  Counsel for the plaintiff orally amended her motion for sanctions to request entry of a default against the defendants.

Federal Rule of Civil Procedure 16(f) provides, in pertinent part, as follows: "[i]f a party . . . fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)."  Federal Rule of Civil Procedure 37(b)(2)(C) permits the Court to strike the answer of the defendants and enter a default against them.

It is undisputed that the defendants in this case have failed to stay in contact with their attorneys, failed to attend depositions and mediation, and disobeyed the order to appear at the hearing on Friday, September 8, 2006.  They have been provided ample notice that their disregard of the Court's orders could result in imposition of sanctions, and an opportunity to respond to the request for sanctions.  The defendants having failed to respond to the motion and to attend the hearing, and the record otherwise indicating that they have abandoned their efforts to defend this case, sanctions are warranted.

Accordingly, I respectfully recommend that the Court enter an order striking the defendants' answer, doc. no. 11, and directing the Clerk of Court to enter a default against each defendant.  I

further recommend that the Court award Daniels the costs incurred in attending the deposition and mediation at which Allen did not appear. Counsel for the plaintiff may seek recovery of the reasonable attorney's fees incurred in connection with the facts underlying the motion for sanctions, preparation of the motion, and attending the hearing on the motion as part of the request for an award of attorney's fees and costs if a judgment is entered in favor of the plaintiff.

The Clerk of Court is directed to mail a copy of this Report and Recommendation to the defendants at each of the following addresses: P.O. Box 181291, Casselberry, Florida 32718, and 7557 Sand Lake Road PMB 110, Orlando, Florida 32819.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 8, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy