**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JERMAINE DANIELS,**

        **Plaintiff,**

**-vs-**                              **Case No. 6:05-cv-332-Orl-31KRS**

**STRATEGIC MARKETING SYSTEMS,**
**INCORPORATED and DAVID ALLEN,**

        **Defendants.**

_____

# ORDER

This matter comes before the Court on Plaintiff's Motion for Default Judgment (Doc. 60). Defendants have not responded.

**I. Background**

Plaintiff filed his Complaint in this court on March 3, 2005, alleging breach of contract and violations of the Fair Labor Standards Act ("the FLSA"). Defendants were served, retained counsel, responded to Plaintiff's Complaint and participated in this litigation until approximately July of 2006.

On July 19, 2006 Defendant David Allen refused to attend his deposition and the mediation scheduled for that day. On August 11, 2006, Plaintiff filed a motion for sanctions regarding Defendant's failure to appear. On August 14th, Defendants' counsel filed a motion to withdraw as counsel due to non-communication and non-payment. Counsel stated that multiple attempts had been made to contact the Defendants and all had failed. On September 27, 2006, this Court granted the motion to withdraw, granted Plaintiffs' motion for sanctions and directed the Clerk to enter

default against each Defendant. (Doc. 43). That Order was mailed to Defendants by this Court but was returned as undeliverable. It appears to this Court that Defendants have abandoned their defense of this law suit.

**II. Standard of Review**

Within this Circuit, "there is a strong policy of determining cases on their merits and [courts] therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). However, it is well established that the district court has the authority to enter default judgment for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). The exercise of this authority is discretionary and subject to review for abuse of discretion. *Id.* Rule 55(b) provides that judgment by default may be entered in two ways:

> **(1) By the Clerk.** When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
>
> **(2) By the Court.** In all other cases the party entitled to judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable to court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997). A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

**III. Analysis**

   *A) Breach of Contract*

"The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." *American Color Graphics, Inc. v. Brooks Pharmacy, Inc.,* 2006 WL 539543, *3 (M.D.Fla. March 6, 2006).  Plaintiff alleges that Defendants breached his employment contract by failing to pay him the commission he earned on seven separate sales occurring between October 4, 2004 and October 28, 2004. These unpaid commissions total $320.00. As evidence of these sales, Plaintiff has provided a sales log and his sworn affidavit. Based on these submissions, this Court finds that Plaintiff has stated a claim for relief with regard to the breach of contract claim.

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*B) FLSA*

Withe regard to Count II, Plaintiff alleges that he was not paid minimum wage for the 80 hours he worked between October 29, 2004 and November 12, 2004. Plaintiff received paychecks for that period of only $159.50. Minimum wage under the FLSA at the time was $5.15, therefore Plaintiff should have been paid at least $412.00. "Any employer who violates the provisions of section 6 or section 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

This Court finds that Plaintiff has stated a claim for relief with regard to the FLSA claim and is entitled to compensatory damages of $252.50 as well as liquidated damages in the amount of $252.50.[2]

*C) Attorneys' Fees*

Plaintiff also seeks reasonable attorneys' fees and costs as a prevailing party under the FLSA. *See* 29 U.S.C. § 216(b).

> The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. This "lodestar" may then be adjusted for the results obtained. Although a district court has wide discretion in performing these calculations, the court's order on attorney's fees must allow meaningful review – the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation.

---

[2]"The award of liquidated damages is mandatory unless the employer shows (1) that the act or omission giving rise (to the violation) was in good faith, and (2) that he had reasonable grounds for believing that his act or omission was not a violation of the Act. 29 U.S.C. § 260. Should both the above criteria be met by an employer, the award of liquidated damages is discretionary." *Donovan v. United States Postal Service*, 530 F. Supp. 894, 901 (D.D.C. 1981)(internal quotation marks omitted).

> The first step in the computation of the lodestar is determining the reasonable hourly rate. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. . . .
>
> A court [] is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value. . . .

*Loranger v. Stierheim*, 10 F.3d 776, 781-2 (11th Cir. 1994)(some internal quotations and citations omitted).

Plaintiff has submitted a sworn affidavit signed by his counsel, Konstantine E. Pantas, Esq., as well as a detailed billing sheet in support of a request for $6,930.50 in attorneys' fees and $350.00 for costs. (Docs. 60-4 and 60-5). Mr. Pantas requests $250/hr for his services, $150/hr for the services of his associate Mr. Adams, and $95.00/hr for paralegal services. After considering the qualifications and experience of these attorneys and paralegals, as described in the affidavit, this Court finds that these rates are reasonable. Mr. Pantas' affidavit also attributes 8.4 hours to "M. Lytle" and requests $250/hr for that time. However, the affidavit does not indicate the qualifications or experience of M. Lytle, and therefore the Court cannot determine whether this is a reasonable hourly rate.

According to the affidavit, Mr. Pantas spent 4 hours on this case, Mr. Adams spent 8.5 hours on this case, and the paralegals spent a total of 26.9 hours. After reviewing the detailed time sheet provided by Plaintiff, the Court finds that these hours were reasonable and will be compensated. Therefore, Plaintiff is entitled to $4830.50 in attorneys' fees.

Plaintiff also requests $350.00 in costs which includes $250.00 for the court filing fee and $100 for service of process. The Court finds that these costs are recoverable pursuant to 29 U.S.C. § 1920.

**IV. Conclusion**

Accordingly, it is

**ORDERED** that Plaintiff's Renewed Motion for Entry of Default Judgment (Doc. 60) is **GRANTED**. The Clerk is directed to enter judgment in Plaintiff's favor and against the Defendants in the amount of $6,005.50, which includes all damages, attorneys' fees and costs.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 28, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party